**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Mendoza, | No. CV-21-00645-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| David Shinn, et al., | |
| Defendants. | |

Before the Court are four pending motions *in limine* and various responses: Defendants' Motion in Limine No. 1 (Doc. 123) and Plaintiff's Response (Doc. 142), Defendants' Motion in Limine No. 2 (Doc. 124) and Plaintiff's Response (Doc. 143), Plaintiff's Motion in Limine No. 1 (Doc. 132) and Defendants' Response (Doc. 139), and Plaintiff's Motion in Limine No. 2 (Doc. 133) and Defendants' Response (Doc. 139). Each motion was fully briefed on or before June 12, 2024. On September 19, 2024, the Court held a final pretrial conference and heard oral argument on all the pending motions. At the final pretrial conference, the Court ordered both parties to submit supplemental memoranda regarding Plaintiff's past convictions, and the Court is in receipt of both the Plaintiff's Memorandum (Doc. 150) and Defendants' Response (Doc. 151). The Court's rulings are as follows.

I. <u>BACKGROUND</u>

This Civil Rights action arises out of the course of medical care for Plaintiff James Mendoza as an inmate of the Arizona Department of Corrections Rehabilitation and Reentry

("ADCRR"). (Doc. 127 at 1). Plaintiff's complaint stems from the treatment he received, and did not receive, from Defendants Centurion of Arizona, LLC and Dr. Rodney Stewart for his chronic Hepatitis C, complaints of abdominal pain, and his shoulder tear. (*Id.*). In each of his three counts, Plaintiff alleges Defendants were deliberately indifferent and violated his Eighth Amendment Constitutional rights to adequate medical care. (*Id.*). Plaintiff seeks to recover damages for the injuries he suffered as a result of Defendants' actions. (*Id.*). Defendants dispute this and assert that the medical care they provided was reasonable and constitutional. (*Id.*). Defendants also dispute that the injuries alleged by Plaintiff were caused by them or the medical care they provided. (*Id.*).

## II.  DISCUSSION

### 1.  Defendants' Motion in Limine No. 1 Regarding the *Jensen* Class Action (Doc. 123). Plaintiff's Response (Doc. 142).

*Jensen* (formerly *Parsons*) is a class action lawsuit alleging that systemic policies and practices by the Arizona Department of Corrections exposed inmates in its custody to a substantial risk of serious harm. *See Parsons v. Ryan*, 754 F.3d 657 (9th Cir. 2014); *Jensen v. Thornell*, No. CV-12-00601-PHX-ROS. Centurion, one of the Defendants in this case, was a contracted medical company to the Arizona Department of Corrections Rehabilitation and Reentry ("ADCRR") from approximately 2019–2022 and was therefore mentioned in *Jensen*. Defendants request that the Court exclude "any evidence, testimony, or argument" regarding this lawsuit "and any of its associated stipulations, proceedings, judgments and injunctions." (Doc. 123 at 1).

Defendants argue that the proceedings and findings in the *Jensen* class action should be excluded for several reasons. First, they argue that *Jensen* is irrelevant, because its settlement terms do not create substantive constitutional rights that could serve as the basis of a § 1983 claim. (*Id.* at 3). Additionally, they argue that *Jensen* is irrelevant because it dealt with systemwide correctional issues, rather than the specific course of care selected by Dr. Stewart or the specific policies or customs maintained by Centurion as applied to Plaintiff. (*Id.* at 3–4). Finally, they argue that even if *Jensen* were relevant, the Court should

exclude it under Rule 403 because it could mislead and confuse the jury by focusing on the issues alleged in the *Jensen* class action rather than the alleged issues with Plaintiff's own medical care. (*Id.* at 4).

Plaintiff responds by arguing that *Jensen* is relevant because even though Centurion and Dr. Stewart were not defendants in that lawsuit, they are bound by the injunctions and orders of the court in that case. (Doc. 142 at 1). Second, the Plaintiff argues that evidence was presented in *Jensen* of Centurion violating the constitutional rights of inmates, and such evidence is probative of a custom and practice of medical care in the ADCRR (through Centurion) as well as the standard of care inmates must receive. (*Id.* at 1–2).

Evidence may not be admitted at trial unless it is relevant, as defined by Rule 401 of the Federal Rules of Evidence. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The particular facts of the case determine the relevancy of a piece of evidence. *See* 2 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 401.04 [2] [a] (Joseph M. McLaughlin ed., 2d ed. 2000) ("Relevance is not inherent in any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case.").

Federal Rule of Evidence 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." A decision regarding probative value must be influenced by the availability of other sources of evidence on the point in question. *See Old Chief v. United States*, 519 U.S. 172, 182–85 (1997). "Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992).

Defendants' argument that *Jensen* is irrelevant because it dealt with systemwide correctional issues, rather than the specific course of care selected by Dr. Stewart, or the

3

specific policies or customs maintained by Centurion as applied to Plaintiff, is inapposite. (Doc. 123 at 2–3). One of the contested issues of material fact in the case is "[w]hether Centurion employed a policy/practice/custom that amounts to deliberate indifference and was the moving force behind Plaintiff's constitutional violation" (Doc. 126-1 at 26). As Plaintiff notes, Defendant Centurion, as a contracted medical company to the ADCRR, was bound by the injunctions and orders of the court in the *Jensen* class action regarding the constitutional rights of inmates to receive adequate medical care. (Doc. 142 at 1). As such, evidence related to the *Jensen* class action likely tends to make it more or less probable that Centurion had a policy, practice, or custom of deliberate indifference toward inmates, and is therefore likely relevant.

However, even if evidence pertaining to the *Jensen* class action is relevant to this case, the Court may exclude it if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403. Defendants argue that "permitting Plaintiff to indiscriminately introduce aspects of the nearly decade-long class action by way of argument, records, or otherwise will only serve to mislead and confuse the jury by turning this trial into a mini-*Jensen* and detract from the real issue." (Doc. 123 at 4). This Court agrees.

The *Jensen* class action (and related litigation regarding inadequate medical treatment for inmates of the Arizona Department of Corrections) presents a hive of issues that could easily confuse a jury. The first filing was made in 2012, and issues regarding compliance with the court's orders are still ongoing in 2024. *See* Docket No. CV-12-00601-PHX-ROS. Furthermore, the fact that the court in *Jensen* found that the ADCRR failed to provide adequate health care to prisoners and violated some prisoners' Eighth Amendment rights could lead jurors to presuppose that Centurion, as the medical facility contracted to the ADCRR in this case, failed to provide adequate health care and violated the Eighth Amendment rights of *this* Plaintiff. *See Jensen v. Shinn*, 609 F. Supp. 3d 789 (D. Ariz. 2022), *amended*, No. CV-12-00601-PHX-ROS, 2022 WL 2910835 (D. Ariz. July 18, 2022) (200-page order detailing findings as to the ADCRR's failure to provide adequate healthcare

to inmates). Presenting evidence, testimony, or argument regarding the *Jensen* class action is therefore highly likely to confuse, mislead, and/or prejudice the jury in the instant case.

Therefore, Defendants' Motion (Doc. 123) is **granted**.

**2.      Defendants' Motion in Limine No. 2 Regarding Injury Causation and Reasonableness (Doc. 124). Plaintiff's Response (Doc. 143).**

Defendants request that the Court preclude Plaintiff from testifying on matters regarding injury causation associated with his chronic Hepatitis C, abdominal pain, and chest/shoulder conditions. (Doc. 124 at 1). Specifically, they request that Plaintiff be precluded from (1) providing an opinion that specific conduct or omissions by Defendants caused him injury or aggravated his medical conditions, and (2) testifying that different courses of treatment for his conditions were medically necessary or proper. (*Id.*).

Defendants argue that Plaintiff, a lay person, is unqualified to give medical causation testimony or testimony about medically necessary courses of care for his condition under Rule 701. (*Id.* at 2–3). Additionally, they argue that if Plaintiff intends to testify as to what his medical providers have told him about the appropriate course of care or injury causation, that testimony should be excluded as hearsay. (*Id.* at 3–4). Plaintiff argues that Plaintiff is not speculating or offering an expert opinion under Rule 702, and that precluding him from testifying on these matters would be unfair and hinder his ability to prove his case. (Doc. 143 at 1–2).

Under Federal Rule of Evidence 701, lay witness opinion testimony cannot be based on "scientific, technical, or other specialized knowledge within the scope of Rule 702." Rule 702 requires that experts be qualified by "knowledge, skill, experience, training, or education."

There are numerous cases within the Ninth Circuit holding that testifying as to medical causation requires specialized training or education. *See, e.g.*, *Haro v. GGP-Tucson Mall LLC*, No. CV-17-00285-TUC-JAS, 2019 WL 369269, at *2 (D. Ariz. Jan. 30, 2019) ("The exact cause of each injury . . . would require scientific, technical, or other specialized knowledge within the scope of Rule 702 and therefore will not be permitted."); *Taylor v.*

*Lee*, No. CV-17-00022-TUC-JAS, 2021 WL 4125481, at *2 (D. Ariz. Sept. 9, 2021) ("Plaintiff can not [sic] offer testimony outside of his lay experience (i.e., issues such as medical causation)").

While Plaintiff is permitted to testify about symptoms and injuries that are within the realm of the average lay person's experience, technical questions of medical causation should be reserved for expert testimony. *See Holt v. Finander*, 2021 WL 1255418, at *3 (C.D. Cal. Feb. 9, 2021) ("**Only experts may opine 'on technical questions of causation'**") (quoting *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1079 (9th Cir. 2019)). However, Defendants do not object to Plaintiff testifying "about the nature of his medical conditions, the course of his medical treatment, his subjective complaints of pain, and any improvements/non-improvements in his conditions." (Doc. 124 at 1).

Additionally, Plaintiff argues that "[w]hile Plaintiff is not a medical doctor, he can testify as to what he was told by his providers," and cites Rule 803(4) to support this proposition. That is flatly incorrect. Under Rule 803(4), a statement that "is made for—and is reasonably pertinent to—medical diagnosis or treatment" and "describes medical history; past or present symptoms or sensations; their inception; or their general cause" is an exception to the rule against hearsay. Rule 803(4) generally applies to statements made by a patient to their doctor. However, the rule does *not* apply to statements made by a doctor to a patient. *Bulthuis v. Rexall Corp.*, 789 F.2d 1315, 1316 (9th Cir. 1985) ("803(4) applies only to statements made by the patient to the doctor, not the reverse.").

Defendants are therefore correct that "[t]o the extent Plaintiff intends to testify as to what his various medical providers may have told him about the appropriate course of care or injury causation, that testimony should also be excluded as hearsay." (Doc. 124 at 3–4). The hearsay exception under Rule 803(4) would not apply to statements made by doctors to the Plaintiff.

For the above-mentioned reasons, Defendants' Motion (Doc. 124) is **granted.**

///

///

6

**3.   Plaintiff's Motion in Limine No. 1 Regarding James Mendoza's Current Conviction and Length of Conviction (Doc. 132). Defendants' Response (Doc 139).**

Plaintiff asks the Court to exclude Plaintiff's current conviction and length of sentence from evidence, comment, or argument (Doc. 132 at 1). In 2019, Plaintiff was convicted of one count of a dangerous drug violation, for which he is currently serving his sentence. (*Id.*). Plaintiff argues that a conviction on drug charges has little to no probative value in this case, as it is not a crime that involves dishonesty or false statements, and that it would severely prejudice the jury by typecasting Plaintiff as a "drug dealer." (*Id.* at 2). Defendant, however, argues that Plaintiff's current conviction is relevant to determining Plaintiff's credibility as a witness, and it will not unduly prejudice the jury, because they will already know that Plaintiff is incarcerated. (Doc. 139 at 1–4).

Under Federal Rule of Evidence 609, which pertains to impeachment by evidence of a criminal conviction, for a crime punishable by imprisonment for more than one year, the evidence "must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant." Fed. R. Evid. 609(a)(1)(A). Furthermore, "for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2).

Plaintiff pled guilty in 2019 to possession of a dangerous drug for sale in violation of A.R.S. § 13-3407(A)(2). (Doc. 139 at 2). This is not a crime involving a dishonest act or false statement such that evidence of the crime must be admitted under Rule 609(a)(2). *See United States v. Brackeen*, 969 F.2d 827, 831 (9th Cir. 1992) ("Congress intended Rule 609(a)(2) to apply only to those crimes that factually or by definition entail some element of misrepresentation or deceit, and not to those crimes which, bad though they are, do not carry with them a tinge of falsification.") (internal citations and quotation marks omitted).

Because this is a civil case, however, Rule 609(a)(1) requires admission of felony convictions to attack the credibility of a witness, subject to the Rule 403 balancing test. The

question, then, is whether the probative value of Plaintiff's current conviction is substantially outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Plaintiff is correct that evidence that Plaintiff was convicted of a drug offense felony has very little probative value on any of the issues in this case, which is focused on the medical treatment Plaintiff received (or did not receive) while he was incarcerated. (Doc. 132 at 2). Furthermore, introducing evidence regarding a party's criminal conviction is highly prejudicial, risks prejudicing the jury against the Plaintiff, and could distract from the issues at hand.

Defendants argue that "it is critical the jury have all relevant information when evaluating the credibility of Plaintiff's testimony, including the type of conviction, its felony classification, and the duration of his sentence." (Doc. 139 at 4). However, Defendants will have the opportunity to impeach Plaintiff's credibility by introducing evidence of his money laundering conviction, which is a crime involving dishonest acts or false statements under Rule 609(a)(2), as discussed below. Defendants have not put forth a convincing argument that Plaintiff's current drug conviction, specifically, is necessary to impugn the Plaintiff's credibility.

Therefore, Plaintiff's Motion (Doc. 132) is **granted**, and Plaintiff's current conviction and length of sentence will be excluded from evidence, comment, or argument. However, the Court will revisit this issue if, at trial, information regarding Plaintiff's current conviction becomes necessary for the Defendants to impeach the Plaintiff's character for truthfulness.

**4.    Plaintiff's Motion in Limine No. 2 Regarding James Mendoza's Past Convictions and Length of Convictions (Doc. 133). Defendants' Response (Doc 139).**

In addition to asking the Court to exclude Plaintiff's current conviction from evidence, Plaintiff also asks the Court to exclude Plaintiff's *past* convictions and lengths of sentence from evidence, comment, or argument (Doc. 133 at 1). Plaintiff's prior felony

charges include criminal damage (1982), robbery (1985), burglary (1991), theft (1991), money laundering (2009), and first-degree murder (2010). (Doc. 139-1 at 2).

Defendants argue that the convictions for burglary, robbery, and money laundering "all bear directly on Plaintiff's credibility and should be admitted" pursuant to Rule 609(b). (Doc. 139 at 4). Defendants contend that they "only intend to present evidence to the jury regarding the statutory names of Plaintiff's convictions, the felony nature of his convictions, and the periods of incarceration associated with each." (*Id.* at 2). They argue that Plaintiff's anticipated testimony "will almost certainly conflict with documentary evidence and his providers' testimony," so "it is critical the jury have all relevant information when evaluating the credibility of Plaintiff's testimony." (*Id.* at 4). Additionally, Defendants argue that Plaintiff will not be unduly prejudiced because the jury will already know he is incarcerated. *Id.*

        *i.*      *Convictions for Criminal Damage, Robbery, Burglary, and Theft*

First, the Court will address the Plaintiff's convictions for criminal damage, robbery, burglary, and theft. This Court notes that under Federal Rule of Evidence 609(b), when attacking a witness's character for truthfulness by evidence of a criminal conviction, if more than ten years have passed since that conviction, or since the witness's release from confinement, evidence of that conviction is admissible only if its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect.

Based on the parties' motions, more than 10 years have passed since Plaintiff's release from confinement for criminal damage, robbery, burglary, and theft. Given that Rule 609(b) weighs against the admission of old convictions, and given that Defendants have not provided any specific arguments to explain why they need to introduce these old convictions in order to impeach the Plaintiff, the Court will preclude admission into evidence of Plaintiff's past convictions and lengths of sentences for criminal damage, robbery, burglary, and theft. This part of the Motion will therefore be **granted.**

        *ii.*     *Conviction for First-Degree Murder*

Defendants contend that they do not intend to offer evidence concerning Plaintiff's

2010 guilty plea to first degree murder. (Doc. 139 at 2). However, as Plaintiff notes, if such evidence were to be introduced, a jury would likely be biased "and carry only negative ideas toward Mr. Mendoza, such as 'murderer.'" (Doc. 133 at 2). This part of the Motion will therefore be **denied without prejudice.**

          *iii.*     *Conviction for Money Laundering*

At the final pretrial conference, the Court requested that both the Plaintiff and Defendants submit memoranda regarding James Mendoza's prior conviction of money laundering. Specifically, the Court wanted to determine whether Plaintiff's conviction for money laundering is a crime of dishonesty such that it must be admitted under Rule 609(a)(2), and whether more than 10 years have passed since either his conviction or his release from confinement for the money laundering conviction, whichever is later.

It was clarified that Plaintiff was convicted of conspiracy to commit money laundering in the second degree, in violation of A.R.S. § 13-2317, with an offense date of February 16, 2007, and a release date of June 22, 2018. (Doc. 150 at 1). Because he was released in 2018, his conviction is not subject to the limitations of Federal Rule of Evidence 609(b).

According to Plaintiff, "the basis of the offense was providing funds to someone to put on another inmate's books," but "the State claimed that the funds were drug money." (*Id.* at 2). The Defendants report that according to the County's Presentence Investigation, Plaintiff participated in several telephone calls with co-defendants discussing the transfer of funds collected for a prison gang, and he admitted that "he was with the New Mexican Mafia and a friend gave him a few hundred dollars in cash to give to another friend." (Doc. 151 at 2–3). Based on the relevant criminal statute and the nature of the crime, Defendants argue that "Plaintiff's money laundering conduct necessarily involves elements dishonesty such that admission of this criminal offense is not only appropriate but also necessary under the evidentiary rules." (*Id.* at 3). This Court agrees.

Federal Rule of Evidence 609(a)(2) dictates that evidence of a criminal conviction *must* be admitted as impeachment evidence "if the court can readily determine that

establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Plaintiff has put forth no argument that the conviction for money laundering did not involve dishonesty. Given that Plaintiff's conviction for money laundering was based on his transferring funds to promote gang activity while in prison, and it is clear that Plaintiff was trying to conceal the purpose and true recipient of the laundered funds, this Court agrees with Defendants that the conviction is admissible impeachment evidence under Rule 609(a)(2). Therefore, this part of the Motion will be **denied**.

Accordingly,

**IT IS ORDERED** that Defendants' Motion in Limine No. 1 Regarding the *Jensen* Class Action (Doc. 123) is **granted.**

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine No. 2 Regarding Injury Causation and Reasonableness (Doc. 124) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine No. 1 Regarding James Mendoza's Current Conviction and Length of Conviction (Doc. 132) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine No. 2 Regarding James Mendoza's Past Convictions and Length of Convictions (Doc. 133) is **granted in part and denied in part** in accordance with this order.

Dated this 8th day of October, 2024.

Honorable Steven P. Logan
United States District Judge